IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

    vs.                                                                1:20-cr-01228-KWR

JESSE BARELA,

      Defendant.

## ORDER GRANTING MOTION IN LIMINE TO ADMIT AN OUT-OF-COURT STATEMENT

THIS MATTER comes before the Court on the Government's First Motion in Limine to Admit an Out-of-Court Statement (**Doc. 103**). This case arises from a robbery of an Albertson's grocery story in Albuquerque, New Mexico. Here, the United States seeks a pretrial ruling regarding the admissibility of a statement made by an unknown individual to an Albertson's Asset Protection Officer. In the statement, the unknown individual relayed to the Albertson's Asset Protection Officer that an individual depicted in a surveillance photo from the robbery "wearing the black beanie" was named "Jesse Barela." The United States seeks to admit this statement through the testimony of either the Albertson's Asset Protection Officer or an Albuquerque Police Department Officer that received and acted on this information. For the reasons stated herein, the Court finds that the Government's motion is well taken and therefore is **GRANTED**.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). "However, an out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken."

1

*See United States v. Freeman*, 816 F.2d 558, 563 (10th Cir. 1987). Still, these out-of-court statements "offered to explain the background of an investigation, like all evidence, must be evaluated under the criteria in Fed. R. Evid. Rules 401 and 403 for relevance and to prevent confusion or prejudice on the part of the jury." *Id.*

"One useful clue in distinguishing hearsay from permissible background information is whether the purported background evidence is necessary for the government to be able to tell a coherent story about its investigation." *United States v. Becknell*, 601 F. App'x 709, 712 (10th Cir. 2015) (internal quotations omitted). "Accordingly, if the government introduces evidence that bears on the ultimate issue in a case but is unnecessary to explain the background of a police investigation, the only reasonable conclusion we can reach is that the evidence was offered, not as background, but as support for the government's case." *Id.* (internal quotations omitted).

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. *See* Fed. R. Evid. 401. Yet, Rule 403 provides that the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403

Here, the Government states that an

> Albertson's Loss Prevention [Officer] submitted [the anonymous] information to the Albuquerque Police Department ("APD"), and Detective Valerie Pitzer conducted an independent investigation to determine if the subject in the black beanie was, in fact, Jesse Barela. After reviewing the surveillance footage, Defendant's MVD photo, prior booking photos, and social media, Detective Pitzer independently verified that the subject in the black beanie was Defendant.

*See* **Doc. 103, at 2**. Thus, the Court concludes that the Government may use the out of court statement at issue for the limited purpose of explaining why a government investigation was undertaken by law enforcement officials in this matter. *Compare United States v. Trujillo*, 136 F.3d 1388, 1396 (10th Cir. 1998) ("It is clear from the transcript Agent Fitzpatrick's testimony was offered as evidence of the focus of the FBI's investigation, not to prove the truth of some unavailable witnesses' descriptions of the bank robber. As such, the testimony was not hearsay.") *with United States v. Becker*, 230 F.3d 1224, 1229 (10th Cir. 2000) ("In closing arguments, the government referred to the out-of-court statements to support its theory of the case…The evidence directly implicates the issue of guilt and the government clearly relied on the informant's statements as truthful. We conclude that such evidence was used for more than the 'limited' purpose allowed by *Freeman*.").

Further, the probative value of the statement is not substantially outweighed by a danger of unfair prejudice, and the Court believes that a limiting instruction can be crafted to cure any potential prejudice here. *See Trujillo*, 136 F.3d at 1396 ("Moreover, any possible error was cured by the court's clear instruction to the jury to limit its consideration of Agent Fitzpatrick's response to how the FBI was proceeding with its investigation."). Therefore, Court will consider proposed instructions from the parties to cure or minimize prejudice regarding the out of court statement.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE