IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

      vs.                                  1:20-cr-01228-KWR

JESSE BARELA,

      Defendant.

**ORDER GRANTING MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POSSIBLE PENALTIES**

THIS MATTER comes before the Court on the Government's Second Motion in Limine to Exclude Evidence of Possible Penalties (**Doc. 104**). The Government seeks an order prohibiting Defendant from "asking any question, introducing any evidence, or making any statement or argument, directly or indirectly, that implicates Defendant's potential sentence." *Id.* **at 1**. For the reasons stated herein, the Court finds that the Government's motion is well taken and therefore is **GRANTED**.

"A jury is obligated to reach its verdict without regard to what sentence might be imposed." *United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980) (internal quotations omitted) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)); *see also* Tenth Cir. Criminal Pattern Jury Instr. 1.20 (2021) ("You should not discuss or consider the possible punishment in any way while deciding your verdict."). Thus, "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (abrogated on other grounds). Moreover,

allowing a jury to consider punishment invites jury nullification and is prejudicial. *See Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *Greer*, 620 F.2d at 1384–85.

Here, the statutes in question, 18 U.S.C. §§ 1951 and § 2, do not require jury participation in determining punishment. Therefore, the Court will exclude any reference to possible punishment or sentence at trial.

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE