IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

    vs.                                        1:20-cr-01228-KWR

JESSE BARELA,

    Defendant.

### ORDER GRANTING MOTION IN LIMINE TO PROHIBIT DISCUSSIONS OF PRETRIAL RULINGS AND OFFERS TO STIPULATE

THIS MATTER comes before the Court on the Government's Fourth Motion in Limine to Prohibit Discussion of Pretrial Rulings and Offers to Stipulate (**Doc. 106**). The Government seeks an order (1) prohibiting Defendant from "asking any question, introducing any evidence, or making any statement or argument, directly or indirectly, regarding pretrial motions or rulings," and (2) precluding Defendant from referencing any statement "regarding Defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless some agreement between all parties with approval of the Court has been arranged concerning a stipulation." *See* **Doc. 106, at 1–2**. For the reasons stated herein, the Court finds that the Government's motion is well taken and therefore is **GRANTED**.

First, under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. *See* Fed. R. Evid. 401. However, the fact that evidence has been excluded in a pretrial motion or that the Court has issued a pretrial ruling cannot be relevant because it does not tend to make any material fact more or less probable. *See id.*

Accordingly, the Court grants the Government's request to limit discussion of pretrial motions or rulings.

Next, generally, "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." *See Old Chief v. United States*, 519 U.S. 172, 189 (1997). However, the parties may agree to offers of stipulation. Here, Defendant concurs that "all stipulations in this case will be agreed upon outside the presence of the jury." *See* **Doc. 141, at 4**. Therefore, the Court will not preclude Defendant from offering a stipulation of facts if the parties have reached an agreement; and where there is no objection to a stipulation of certain facts, the parties may file a notice of intent to stipulate or raise their intent to stipulate at or before the pretrial conference on November 22, 2021. Nonetheless, where the parties fail to reach an agreement on any offers to stipulate, the Court concludes that references to such are properly excluded, as the probative value of the failure to reach an agreement is "substantially outweighed" by a danger of unfair prejudice or misleading the jury. *See* Fed. R. Evid. 403

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE