IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

  vs.                                                                          1:20-cr-01228-KWR

JESSE BARELA,

      Defendant.

## ORDER GRANTING MOTION IN LIMINE TO PROHIBIT DISCUSSION OF DEFENSE EXHIBITS NOT PROVIDED TO THE UNITED STATES

THIS MATTER comes before the Court on the Government's Sixth Motion in Limine to Prohibit Discussion of Defense Exhibits Not Previously Provided to the United States (**Doc. 108**). For the reasons stated herein, the Court finds that the Government's motion is well taken, and therefore is **GRANTED IN PART**.

The Government seeks to preclude Defendant from "introducing any evidence, making any statement, or asking any questions regarding defense exhibits that have not previously been supplied to counsel for the United States and admitted into evidence by this Court." *See* **Doc. 108, at 1–2**. The Government asserts that "[a]bsent any provision of reciprocal discovery, Defendant should be precluded from introducing evidence not previously disclosed to the United States." ***Id.* at 2**.

Federal Rule of Criminal Procedure 16 provides that if a party fails to comply with a discovery order, the Court may "order that party to permit the discovery or inspection," "grant a continuance," "prohibit that party from introducing the undisclosed evidence," or "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). Thus, when a party fails to

comply with a discovery order, the Court may consider (1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the other party; and (3) the feasibility of curing the prejudice with a continuance. *See United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988).

"Applying these factors, the district court should impose the least severe sanction that will accomplish prompt and full compliance with the court's discovery orders." *See United States v. Martinez*, 455 F.3d 1127, 1130 (10th Cir. 2006) (internal quotations and alterations omitted). Generally, a continuance is "the most desirable remedy for [a party's] failure to comply with a discovery order." *See United States v. Peveto*, 881 F.2d 844, 863 (10th Cir. 1989) (quoting *Wicker*, 848 F.2d at 1061). However, on occasion, "the district court may need to suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the [party entitled to the disclosure] may not be prejudiced." *See Wicker*, 848 F.2d at 1061.

Defendant states that "[g]iven the unique posture of the case…the defense investigation in this case is ongoing and ma[y] lead to the discovery of relevant and admissible evidence not currently known to counsel." *See* **Doc. 141, at 4–5**. The Court directs Defendant to produce reciprocal discovery as soon as practicable, and Defendant may not discuss unadmitted discovery or exhibits before the jury. At this time, however, the Court will refrain from issuing a blanket ruling to preclude all undisclosed discovery. The Government may raise this motion again upon the provision of untimely, previously undisclosed evidence by the Defendant.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE