IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                                         1:20-cr-01228-KWR

JESSE BARELA,

      Defendant.

## ORDER GRANTING MOTION IN LIMINE TO PROHIBIT DISCUSSION OF PLEA NEGOTIATIONS

THIS MATTER comes before the Court on the Government's Seventh Motion in Limine to Prohibit Discussions of Plea Negotiations in Front of the Jury (**Doc. 109**). The Government seeks an order to preclude Defendant from "introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place." *See* **Doc. 109, at 1**. The Government asserts that "[t]he fact of any prior plea negotiations is irrelevant and not of proper concern for a jury." *Id.* For the reasons stated herein, the Court finds that the Government's motion is well taken, and therefore is **GRANTED**.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. *See* Fed. R. Evid. 401. However, Rule 403 provides that the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403.  Additionally, "[a]s a general matter, evidence of a guilty plea or statements made in plea negotiations are inadmissible." *Accord United States v. Mitchell*, 633 F.3d 997, 1002 (10th Cir. 2011); *see also* Fed. R. Evid. 410(a); Fed. R. Crim. P. 11(f).

Here, Defendant represents that "[s]ince counsel for Mr. Barela entered his appearance in this case[,] the Government has made one plea offer…the offer was communicated to Mr. Barela and was rejected by him knowingly, intelligently and voluntarily." *See* **Doc. 141, at 5**.  Evidence of any statements "made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea" are not admissible against Defendant.  *See* Fed. R. Evid. 410(a)(4).  However, Rule 410 of the Federal Rules of Evidence "does not prohibit the defendant from offering any statements he [or] the United States made during plea negotiations." *See United States v. Villaba*, 86 F. Supp. 3d 1252, 1265–66 (D.N.M. 2015).  Defendant states that "there is no part of that plea offer which counsel wants to share with the jury for an improper purpose." *See* **Doc. 141, at 5**.  Accordingly, the Court directs the parties to refrain from discussing the substance of plea negotiations between Defendant and the United States before the jury.  Moreover, in this case, the fact of the occurrence of plea negotiations between Defendant and the United States is not likely to be relevant because it does not tend to make any material fact more or less probable.  Thus, the parties may not discuss the occurrence of plea negotiations before the jury.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE