IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

       Plaintiff,

       vs.                                                           1:20-cr-01228-KWR

JESSE BARELA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court on the Government's Eighth Motion in Limine to Introduce Evidence of Defendant's Prior Felony Convictions (**Doc. 110**) and Defendant's Motion in Limine to Limit the Reference to His Prior Convictions (**Doc. 118**), both filed on September 30, 2021.  Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and is, therefore, **GRANTED**; and consequently, the Government's motion is, therefore, **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

       This case arises from a robbery of an Albertson's grocery story in Albuquerque, New Mexico.  Defendant is charged with interference of interstate commerce by violence and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2.

       In its motion, the United States seeks to introduce evidence of Defendant's two prior felony convictions to impeach his credibility.  *See* **Doc. 110, at 1**.  The Government seeks to admit (1) evidence of a 2009 state conviction for aggravated battery and shooting at or from a motor vehicle, and (2) evidence of a 2009 state conviction for trafficking or possession of a controlled substance.

*Id.* **at 2–3**. The Government asserts that Defendant's release for both convictions occurred within 10 years, and the probative value of both convictions substantially outweighs any prejudicial effect. *Id.* **at 3**.

In his motion, Defendant retorts that if he testifies in his own defense, Defendant "is willing to stipulate that he was previously convicted of two felony offenses involving dishonesty and moral turpitude," but seeks an order prohibiting the United States "from referring to these two, previous felonies by name." *See* **Doc. 118, at 1**. Defendant argues that since he is willing to provide a stipulation regarding these felonies, under *Old Chief v. United States*, 519 U.S. 172 (1997), "any attempt to introduce the name of the felonies – assault with a deadly weapon and possession of narcotics with the intent to distribute them – would have little additional probative value and would profoundly and unfairly prejudice him." *Id.* **at 2**.

## DISCUSSION

The Federal Rules of Evidence provide that relevant evidence is admissible at trial. Fed. R. Evid. 401, 402. However, under Rule 403, relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Additionally, Rule 609(a)(1) of the Federal Rules of Evidence permits impeachment by evidence of criminal conviction "if the probative value of the evidence outweighs its prejudicial effect to that defendant." *See* Fed. R. Evid. 609(a)(1)(B). However, if more than 10 years have passed since the conviction or release from confinement for it, the conviction will only be admitted if the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." *See* Fed. R. Evid. 609(b)(1). Moreover, Rule 609 provides that "for any crime

regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving…a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

"The implicit assumption of Rule 609 is that prior felony convictions have probative value." *See United States v. Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir.1998)). Therefore, "when a defendant in a criminal case takes the stand in his own defense, his credibility may be impeached and his testimony attacked in the same manner as any other witness, including reference to prior convictions." *United States v. Smith*, 521 F.2d 374, 376 (10th Cir. 1975). Still, "Rule 609(a)(1) is intended to make it harder to admit conviction evidence when offered against an accused than it is when offered against another witness." *See Howell*, 285 F.3d at 1268 n.1 (quoting 28 Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure* § 6134 at 230 (1993)).

Generally, evidence of a defendant's felony conviction "shall include information about the *nature* of that conviction." *See United States v. Lopez-Medina*, 596 F.3d 716, 737 (10th Cir. 2010) (emphasis in original) (quoting *Howell*, 285 F.3d at 1268–69); *United States v. Commanche*, 577 F.3d 1261, 1271 (10th Cir. 2009) ("[O]nly the prior conviction, its general nature, and punishment of felony range were fair game for testing the defendant's credibility."). However, "the trial court has discretion in limiting cross examination of an accused on the subject of prior convictions." *See Smith*, 521 F.2d at 376. This is because a defendant "faces a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Rule 404 [character evidence] will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *See United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (internal alterations omitted) (quoting Fed. R. Evid. 609, Advisory Committee Notes (1990)).

Thus, "before determining to exclude all evidence of [a defendant's] prior convictions other than the fact and date of such convictions," the Court must conduct a Rule 403 balancing test. *See Howell*, 285 F.3d at 1269; *Lopez-Medina*, 596 F.3d at 737. Under the balancing test, the Court may consider factors such as "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Smalls*, 752 F.3d at 1240.

Defendant does not contest the admissibility of his two prior felony convictions; he argues only that the Court should prohibit the United States from mentioning these convictions by name.[1] First, on the aggravated assault conviction, the Government argues that this conviction is "especially relevant here where the investigation related to a violent offense involving a weapon." *See* **Doc. 110, at 3**. Second, on the controlled substance conviction, the Government argues that this conviction "is equally probative as it occurred during the same timeframe and speaks directly to Defendant's credibility." *Id.* The Government contends that the Court can "minimize the risk of prejudice through a limiting instruction tailored to ensuring the jury only considers evidence admitted under Rule 609 in assessing Defendant's veracity." *Id.* **at 3–4**.

Indeed, Defendant's prior felony convictions are probative of his character. *See Howell*, 285 F.3d at 1268. However, as a threshold matter, neither of the felony convictions—aggravated

---

[1] Defendant's reliance on *Old Chief v. United States*, 519 U.S. 172 (1997) to stipulate felony status is misplaced here. Rule 609 indicates that the protection of an *Old Chief* stipulation recedes when a defendant chooses to testify at trial. An *Old Chief* stipulation limits the Government's ability to reference the specific name or nature of the defendant's prior convictions in its case-in-chief, at least insofar as the prior convictions are offered to **prove the element of prior felony convictions**, such as being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See id.* at 186–87. *Old Chief* explicitly allows the United States to seek admission of prior convictions, even where a defendant stipulates to legal status, "if, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status." *Id.* at 190; *see also United States v. Young*, No. CR 17-0694 JB, 2019 WL 133268, at *23 (D.N.M. Jan. 8, 2019) ("This case is distinct from *Old Chief v. United States*, however, because here the United States has offered Young's prior conviction evidence for a second, independent purpose under rule 609. The Court therefore must analyze that purpose.").

4

battery involving a weapon and trafficking or possession of a controlled substance—are crimes that the Court can "readily determine" involve "a dishonest act or false statement." [2]  *See* Fed. R. Evid. 609(a)(2).  Therefore, Rule 609(a)(2) does not compel admission.

Turning to the Rule 403 balancing inquiry, the Court concludes that the probative value of the names of Defendant's felony convictions is substantially outweighed by a danger of unfair prejudice.  Questions asked on cross-examination for impeachment "should be confined to acts or conduct which reflect upon [Defendant's] **integrity or truthfulness**, or so pertain to his personal turpitude, such as to indicate such moral depravity or degeneracy on his part…**likely render him insensible to the obligations of an oath to speak the truth**."  *Butler v. United States*, 408 F.2d 1103, 1104 (10th Cir. 1969) (emphasis added) (internal quotations omitted).  The United States does not persuasively point to anything that the names of the convictions provide that the information's exclusion would otherwise foreclose.  For example, the name and the "conviction for drug possession is not necessarily relevant to credibility and is potentially prejudicial in arousing sentiment against" Defendant, *see United States v. Begay*, 144 F.3d 1336, 1338 (10th Cir. 1998), and the same for Defendant's prior conviction for aggravated battery.  Overall, the names of Defendant's prior felony convictions are not highly probative of Defendant's character for truthfulness and credibility in this case beyond the general character concerns attendant to any felony conviction.

The United States submits that the probative value of both convictions and information related to the convictions substantially outweighs any prejudicial effect "because the jury will not be able to fully evaluate Defendant's credibility as a witness unless the jury is told the full story

---

[2] Defendant asserts that he is willing to stipulate that the convictions in question are "felonies involving dishonesty" and "moral turpitude."  *See* **Doc. 118, at 1, 2**.  Defendant may stipulate to the existence of these felonies; however, it does not appear to the Court that the convictions are crimes involving dishonesty or making a false statement.

5

of his **prior propensity for disregarding the law**." *See* **Doc. 110, at 3** (emphasis added). Yet, that the names of the two prior convictions will lead the jury to understand Defendant's propensity for disregard of the law is precisely the unfair prejudice that tips the scales of the Rule 403 analysis. Rule 403 balancing is necessary to avoid the "danger that convictions that would be excluded under Rule 404 **will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes**." *See Smalls*, 752 F.3d at 1240 (emphasis added) (internal quotations and alterations omitted). Here, the additional conviction information is likely to "provoke[] an emotional response in the jury or otherwise…adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *See United States v. Smith*, 534 F.3d 1211, 1219 (10th Cir. 2008). "[F]undamental to American jurisprudence is that a defendant must stand or fall by the evidence that is relevant to the crime with which the defendant is charged, and not because the defendant is a bad person or has committed other misdeeds." *See United States v. Young*, No. CR 17-0694 JB, 2019 WL 133268, at *24 n.10 (D.N.M. Jan. 8, 2019).

The instant case is about an armed robbery of a grocery store. One of Defendant's previous felony convictions involves an aggravated battery with a firearm. This conviction has elements sufficiently similar to the underlying facts of the case at issue here. On Defendant's second conviction, although trafficking or possession of a controlled substance is dissimilar from the instant matter, Defendant was convicted on the same day for both felony convictions. *See* **Doc. 110, at 2–3** (asserting that Defendant was convicted on February 29,[3] 2009). The close temporal proximity between the two previous convictions might lead a jury to reasonably conclude or theorize that Defendant's aggravated battery with a weapon charged stemmed from the underlying

---

[3] The Court notes that February 29, 2009 is not an existing date, as 2009 was not a leap year, but treats the convictions as still occurring on the same day.

facts leading to the trafficking or possession charge, or vice versa, or that Defendant frequently and commonly engages in unlawful conduct. Accordingly, the names of the prior convictions, combined with the proximity of the convictions, tends to portray Defendant as a habitual criminal, perhaps always armed with a firearm or weapon. Thus, by referencing the names of Defendant's previous felony convictions, the risk that the jury would convict Defendant based on propensity evidence, and not on the merits of this case, is substantial. Hence, although Rule 609 recognizes the admission of prior crimes evidence for impeachment purposes, the Court is not persuaded that the names of Defendant's prior convictions have sufficient probative value to overcome their unfair prejudice to Defendant.

Therefore, the Court will allow the Government, if Defendant testifies, to cross-examine Defendant about his two prior felony convictions for the limited purpose of impeaching Defendant's character and testimony. However, the Court will permit the United States to introduce only that Defendant has two prior felony convictions and the dates of these convictions. *See Butler*, 408 F.2d at 1105 ("It is apparent that the witness's credibility was impeached inasmuch as he admitted to having committed at least three felonies."). The Government may not introduce the names of Defendant's past convictions. *See Commanche*, 577 F.3d at 1270–71 ("Care should be taken to protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried."). Nevertheless, at trial, if defense counsel or Defendant "purposefully and explicitly opens the door on a particular (and otherwise inadmissible) line of questioning, such conduct operates as a limited waiver allowing the government to introduce further evidence on that same topic." *See Lopez-Medina*, 596 F.3d at 731

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE