IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                                        1:20-cr-01228-KWR

JESSE BARELA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion in Limine to Limit Improper Opinions from Law Enforcement Officers (**Doc. 119**). Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well taken in part, and therefore, is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

This case arises from a robbery of an Albertson's grocery story in Albuquerque, New Mexico. Defendant is charged with interference of interstate commerce by violence and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2.

In the instant motion, Defendant seeks to preclude law enforcement officers from referring to a witness as "the victim" or Defendant as "the suspect," and preclude testifying officers from stating that Defendant was "positively identified" as a suspect. *See* **Doc. 119, at 1–2**. The United States affirms that it will refrain from using the terms "victim" and "suspect" during the trial, but submits that these terms may be "appropriately used during closing argument." *See* **Doc. 136, at 1**. The United States also argues that there is "little distinction between the term 'identification'

and 'positive identification,'" and thus, it should be allowed to elicit identification testimony from its witnesses. *Id.* **at 2**.

## DISCUSSION

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. *See* Fed. R. Evid. 401. However, Rule 403 provides that the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403.

First, Defendant seeks an order to prevent law enforcement officers from referring to any witness as "the victim" or calling Defendant "the suspect." *See* **Doc. 119, at 1**. Defendant argues that numerous state courts have "held that it is improper to refer to the complaining witness in a criminal case as 'the victim' if there is a factual dispute about what happened." *Id.* **at 2**. Defendant asserts that use of the word "victim" during trial would have "a profound impact on a juror's decision-making process." *Id.* **at 3**.

The Court can find little federal authority on this point, but concludes that the United States and its witnesses may not refer to any individual as a "victim" and may not refer to Defendant as "the suspect" during the presentation of its evidence. The frequent or pervasive use of the term "victim" by the Government during the presentation of its evidence may be unfairly prejudicial to a defendant where the fact of the commission of a crime is at issue. *See, e.g.*, *State v. Albino*, 24 A.3d 602, 617 (Conn. App. Ct. 2011) ("When there is no doubt that a homicide occurred and that the defendant was the person who caused it to occur, and the only question for the jury is whether

the homicide was justified, the prosecutor's repeated reference to the 'victim,' the 'murder' and the 'murder weapon' amounts to an opinion on the ultimate issue of the case."); *United States v. Sena*, No. 19-CR-01432, 2021 WL 4129247, at *2 (D.N.M. Sept. 9, 2021) ("At Mr. Sena's upcoming trial, the jury has the responsibility of deciding whether a crime occurred and whether that crime resulted in harm to Mr. Barros. Thus, to label Mr. Barros as a victim at the outset of trial carries the risk of improperly influencing the jury's decision."); *State v. Rodriguez*, 946 A.2d 294, 307 (Conn. App. Ct. 2008) (finding no impropriety where "the prosecutor used the word victim sporadically when questioning two of the state's seven witnesses"); *State v. Warholic*, 897 A.2d 569, 584 (Conn. 2006) (finding no impropriety where the prosecutor referred to the complainant as a victim on two occasions, but cautioning the State "against making excessive use of the term…because prevalent use of the term may cause the jury to draw an improper inference that the defendant committed a crime against the complainant").

Yet, the term "victim" is "used appropriately during trial [by a prosecutor] when there is no doubt that a crime was committed and **simply the identity of the perpetrator is in issue**." *See Jackson v. State*, 600 A.2d 21, 24 (Del. 1991) (emphasis added); *see also State v. Cortes*, 851 A.2d 1230, 1241 (Conn. App. Ct. 2004), *aff'd*, 885 A.2d 153 (Conn. 2005) ("In cases in which the fact that a crime has been committed against the complaining witness is not contested, but only the identity of the perpetrator is in dispute, a court's use of the term 'victim' is not inappropriate.").

Here, the Court concludes that the Government's use of the terms "victim" and "suspect" during the presentation of its evidence, in this case, is likely to be unfairly prejudicial to Defendant where the identity of the perpetrators of the robbery is at issue, Defendant seeks to raise an alibi defense, and Defendant may intend to dispute that the crime occurred. *See also Johnson v. City of Los Angeles*, No. CV 14-5848 DMG (EX), 2015 WL 12806460, at *1 (C.D. Cal. Oct. 13, 2015)

("[T]he Court will not preclude Defendants from using words like 'suspicion,' 'suspicious," or 'suspected' to refer to Johnson's actions or the individual officers' state of mind. But Defendants may not refer to Johnson as a 'suspect' because that term implies that the officers had sufficient particularized reasons to characterize him as such, which is one of the ultimate issues of fact to be determined by the jury.").

These terms have little probative value, and Defendant persuasively argues that to refer to any witness as "the victim" or Defendant as "the suspect" during the trial carries a significant risk of bias and is likely to improperly influence the jury. Thus, the Court finds that the probative value of these terms is substantially outweighed by the danger of unfair prejudice. Accordingly, the United States may not use the terms "victim" or "suspect" during the presentation of its evidence. Still, limiting the use of the term "victim" or "suspect" does not prevent the Government from presenting any of its other evidence. The Government can refer to witnesses by their names or, if necessary, other appropriate, factually accurate, non-conclusory descriptors—for example, "the detective," "the grocery store clerk," "the brown-eyed individual." *See United States v. Ehrens*, No. CR-15-200-C, 2015 WL 7758544, at *2 (W.D. Okla. Dec. 1, 2015) ("[T]he Court finds the preferred reference to R.W. should be to simply use her first name [and] finds no need by any party to refer to R.W. by any particular descriptor other than her name.").

However, the Court concludes that the United States may use the terms "victim" or "suspect" during its closing argument. *See United States v. Shankle*, No. 16-CR-7, 2017 WL 11505346, at *5 (E.D. Wis. Sept. 1, 2017) (concluding that it would "not appear to be unfairly prejudicial" to allow the United States to address witnesses as victims during closing argument nor would use of the "generic" term "victims" by the Government's expert on direct examination be unfairly prejudicial); *Rodriguez*, 946 A.2d at 307–08 ("Jurors understand the respective roles of

the prosecutor and defense counsel. It should not be assumed that jurors will be unduly influenced by the prosecutor's use of the word victim [during closing argument]. We therefore conclude, under the facts of this case, that the prosecutor's reference to Castaneda as the victim was appropriate, not the expression of a personal opinion."); *People v. Price*, 821 P.2d 610, 703 (Cal. 1991) ("Although it would be improper for a prosecutor to use the term 'murder' in questioning a witness about an unadjudicated killing, a prosecutor is of course free to argue to the jury [during closing], after all the evidence had been presented, that it should find that a killing was murder."). Nevertheless, this matter may be revisited by the Court and raised by the parties as necessary during trial.

Next, Defendant also seeks to prevent law enforcement officers from "offering their opinion on disputed issues of fact (especially on whether [Defendant] is guilty of any element of the charged offense) and instead limit their testimony to factual recitations of their actions." *See* **Doc. 119, at 2**. Defendant asserts that law enforcement officers should be prevented from testifying that they "positively identified" Defendant as a suspect in the robbery because "coming from a respected law enforcement officer such testimony improperly conveys the Officer's opinion that Mr. Barela is guilty of the charge[d] crime, an opinion that is improper under Rule 702(b) of the Federal Rules of Evidence." *Id.* The United States maintains that it "does not intend to elicit testimony from any of its witnesses regarding the ultimate question of Defendant's guilt, as such testimony would invade the province of the jury," but argues that its witnesses should be permitted to use the term "positive identification." *See* **Doc. 136, at 2**.

Under Rule 702, a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

>    (b) the testimony is based on sufficient facts or data;
>    (c) the testimony is the product of reliable principles and methods; and
>    (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In relevant part, expert witnesses may testify about an ultimate issue, but they may not draw a conclusion for the fact finder.  *See* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."); *United States v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005) ("[A]n expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment.").

"Identify" means "to ascertain the identity of (someone or something that is unfamiliar or unknown)."  *See Identify*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/identify (last visited November 5, 2021) ("Police have identified a person of interest.").  The Court agrees with the United States that there appears to be little to no distinction between the term "identified" and "positively identified."  The term "positively identified" appears to be a term of art to law enforcement officers synonymous with "identified."  Thus, use of the term "positively identified" by one of the Government's experts is appropriate where the Government intends to elicit this testimony to "explain [the officer's] investigation and the process that led to Defendant's presence in the courtroom on this case."  *See* **Doc. 136, at 2**.  This testimony is relevant, and within this context, such language is unlikely to be unfairly prejudicial to Defendant nor encroach on the province of the jury.  In sum, the Government's expert may utilize the term "positively identified."

**IT IS SO ORDERED.**



KEA W. RIGGS
UNITED STATES DISTRICT JUDGE