IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

  vs.                                                                                                    1:20-cr-01228-KWR

JESSE BARELA,

      Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES'
OPPOSITION TO DEFENDANT'S ALIBI NOTICE**

THIS MATTER comes before the Court on the Government's Response in Opposition to Defendant's Alibi Notice (**Doc. 137**). In the instant motion, the United States objects to Defendant's untimely alibi notice and seeks to preclude Defendant from presenting the testimony of his alibi witness.[1] *See* **Doc. 137, at 1, 3**. Additionally, the United States requests that the Court "conduct an inquiry with the intended alibi witness to determine whether she should receive the advice of counsel prior to testifying in this case." *Id.* **at 1**. For the reasons stated herein, the Court finds that the Government's motion is well-taken, and therefore, is **GRANTED IN PART AND DENIED IN PART**.

Under Federal Rule of Criminal Procedure 12.1, the United States "may request in writing that the defendant notify an attorney for the government of any intended alibi defense." Fed. R. Crim. P. 12.1(a)(1). "Within 14 days after the request, or at some other time the court sets, the

---

[1] Defendant filed notice of his intent to "present the alibi testimony of Vanessa Lerma (and perhaps her daughter A.S.) to tell the jury that Mr. Barela was at the home he shared with Ms. Lerma and her daughter on Alice Court in the City of Albuquerque on the evening of November 26, 2019." *See* **Doc. 117, at 1**; *see also* **Doc. 120, at 1** (disclosing "Vanessa Lemar" and "A.S." on Defendant's witness list).

defendant must serve written notice on an attorney for the government of any intended alibi defense." Fed. R. Crim. P. 12.1(a)(2). "If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." Fed. R. Crim. P. 12.1(e). The purpose of Rule 12.1 is to prevent "unnecessary interruption and delay" by allowing the United States to conduct an appropriate investigation of a defendant's alibi prior to trial. *See United States v. Pearson*, 159 F.3d 480, 483 (10th Cir. 1998) (quoting Fed. R. Crim. P. 12.1 Advisory Committee Notes). Thus, "[a]uthority in the trial judge to exclude evidence for noncompliance is contemplated by the wording and history of the Rule." *See United States v. Fitts*, 576 F.2d 837, 839 (10th Cir. 1978). However, Rule 12.1 provides that "[f]or good cause, the court may grant an exception to any requirement of Rule 12.1(a)-(c)." Fed. R. Crim. P. 12.1(d).

First, the United States seeks an order to exclude the testimony of Defendant's alibi witnesses. *See* **Doc. 137, at 3**. Here, on October 15, 2020, the United States requested that Defendant "provide notice of any intended alibi defense" pursuant to Rule 12.1. *Id.* **at 2**; **Doc. 137-1, Ex. 1, at 2**. The request was sent to counsel for Defendant at the time, Mr. Jason Bowles. *See* **Doc. 137-1, Ex. 1, at 1**. Counsel for Defendant, now Mr. Brian Pori, did not file a notice of alibi in this case until September 30, 2021. *See* **Doc. 117**. Counsel for Defendant alleged that he undertook an "extensive effort" to locate the potential witnesses, and filed the notice of alibi the same day counsel learned the witnesses could provide alibi testimony for Defendant. *Id.* **at 1**.

Defendant is under an obligation to give the Government notice of an alibi witness, even if defendant is unable to locate the witness. *See United States v. White*, 583 F.2d 899, 902 (6th Cir. 1978) ("[T]he mere fact that appellant did not know Walker's whereabouts does not excuse appellant from complying with the identity requirements of Rule 12.1(a). If appellant had tendered notice of Walker's identity, the Government would have had an opportunity to locate Walker for

the benefit of both parties."). Thus, despite defense counsel's diligence to locate the alibi witnesses and efforts to make a timely disclosure, Defendant failed to comply with Rule 12.1.

Nevertheless, the Court declines to exclude the alibi testimony in this case. Trial in this matter is set for November 29, 2021. Although Defendant's alibi notice is belated, the Court does not find that the disclosure of these alibi witnesses nearly two months before trial results in "unnecessary interruption and delay" or precludes the Government from adequately investigating the witnesses prior to the trial. *See United States v. Davis*, 40 F.3d 1069, 1076 (10th Cir. 1994) (affirming the exclusion of alibi testimony where a defendant sought to elicit testimony from a previously undisclosed alibi witness on the first day of trial); *Pearson*, 159 F.3d at 484 (affirming the exclusion of alibi testimony where a defendant sought to elicit testimony from a previously undisclosed alibi witness, his mother, four days before the trial). Additionally, the alibi witnesses in this case appear to form the basis of Defendant's defense-in-chief and would be critical to the presentation of his theory of the case. Further, there are extenuating circumstances excusing the belated disclosure, including the appointment and termination of multiple attorneys for Defendant, necessitating additional time for each attorney to review the evidence and mount a defense, and the appointment of current counsel for Defendant after the time for compliance with Rule 12.1 had passed. Thus, the Court concludes that good cause exists for the belated disclosure, and the exclusion of the testimony of Defendant's alibi witnesses in this case would be inappropriate.

Next, the United States requests that the Court determine whether counsel should be appointed for Defendant's alibi witnesses. The Government states that while it "does not know precisely what information defense counsel intends to elicit from Ms. Lerma, it recognizes the potential that Ms. Lerma's testimony could implicate her Fifth Amendment rights." **Doc. 137, at 4**.

"A criminal defendant's right to present a defense is essential to a fair trial." *See United States v. Serrano*, 406 F.3d 1208, 1214 (10th Cir. 2005). A defendant has the "right to offer the testimony of witnesses, and to compel their attendance," and also has the right to present their "version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *See Washington v. Texas*, 388 U.S. 14, 19 (1967). However, a defendant's right to present a defense "is not absolute." *Serrano*, 406 F.3d at 1215. For example, a defendant's right to present a defense "does not displace traditional testimonial privileges," and therefore, "does not include the right to compel a witness to waive his [or her] Fifth Amendment privilege against self incrimination." *Id.*

Yet, a defendant's right to present a defense may be infringed if the prosecution or the Court "substantially interfere[s] with a defense witness's decision to testify." *Id.* Interference is deemed "substantial" when a government actor actively dissuades a witness from testifying, either by threats of prosecution, intimidation, or coercive badgering. *Id.* at 1216; *see also Webb v. Texas*, 409 U.S. 95, 98 (1972) (concluding that "the unnecessarily strong terms used by the judge [in its lengthy admonition on the dangers of perjury] could well have exerted such duress on the witness' mind as to preclude him from making a free and voluntary choice whether or not to testify."). However, a defendant or witness's rights "are not trenched upon by mere information or advice about the possibility of a perjury prosecution, but [only] by deliberate and badgering threats designed to quash significant testimony." *See United States v. Davis*, 974 F.2d 182, 187 (D.C. Cir. 1992). Thus, "[t]he potential for unconstitutional coercion by a government actor significantly diminishes…if a defendant's witness elects not to testify after consulting an independent attorney." *Serrano*, 406 F.3d at 1216 (emphasis omitted).

Here, the United States asserts that "[i]f the Court is inclined to accept testimony from Defendant's intended alibi witness, [it] has reason to believe her testimony at trial will expose her to criminal liability." **Doc. 137, at 3**.  Specifically, the Government argues that at trial, it will attempt to establish Defendant's presence at the scene of the offense, including surveillance video and a number of photo evidence the Government alleges supports its theory that Defendant was one of the perpetrators of the robbery. *Id.* **at 4**.  Therefore, the Government asserts that in "light of the strength of [its] evidence, the United States has good reason to believe that Defendant's intended alibi witness may perjure herself if she testifies." *Id.*  However, the United States represents that it "takes no position on whether the above-discussed witness should be appointed counsel." *Id.*

The Court finds that the Government has provided sufficient facts to support a reasonable and substantial belief that the alibi witnesses may perjure themselves should they testify in support of Defendant's alibi at trial, including: (1) "Surveillance video depicting a clear view of Defendant's face," (2) "The identity of the co-defendant, which is Defendant's brother," (3) "Defendant's clothing and accessories visible in the surveillance video which include a large chain necklace and 'beanie' style hat depicting the 'Metal Mulisha' dirt biking logo," (4) "Defendant's Motor Vehicle Department ('MVD') photo depicting him wearing the same chain necklace," (5) "Defendant's Facebook profile photo and page 'likes' depicting him wearing the same chain necklace, and 'like' of a dirt biking page that includes photos of the 'Metal Mulisha' logo," and (6) "Photographs of Defendant's chest tattoos—the top of which is visible at his neckline in the robbery surveillance video."[2]  *See* **Doc. 137, at 4**.  Therefore, at the time Defendant's alibi witness or witnesses choose to testify in his defense, the Court will conduct an inquiry to determine

---

[2] The Court does not make any findings as to whether this evidence would be admissible at trial in this Opinion.

whether they understand their constitutional rights and whether they have conferred with counsel regarding their testimony, and thereafter, will appoint independent counsel for Defendant's alibi witnesses if they have not previously conferred with counsel.  *See Serrano*, 406 F.3d at 1216; *United States v. Pablo*, 696 F.3d 1280, 1296 (10th Cir. 2012) ("The district court also responded appropriately to the self-incrimination concern raised by the prosecution. The district court engaged in a colloquy with each prospective witness[,] did not go beyond informing the prospective witnesses of the privilege against self-incrimination, inquiring about whether they had conferred with counsel, and appointing independent counsel for each witness once it learned that neither had conferred with independent counsel regarding the implications of testifying.").

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE