IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

       Plaintiff,

       vs.                                                                           1:20-cr-01228-KWR

JESSE BARELA,

       Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO REQUIRE AN ADEQUATE FOUNDATION BEFORE THE ADMISSION OF SOCIAL MEDIA EVIDENCE**

THIS MATTER comes before the Court on Defendant's Motion to Require the United States to Lay an Adequate Foundation for the Admission of All Alleged Posts to a Facebook Social Media Account (**Doc. 159**). For the reasons stated herein, the Court finds that Defendant's motion is well-taken, and therefore, is **GRANTED IN PART AND DENIED IN PART**.

Rule 901 of the Federal Rules of Evidence governs the authentication of evidence and provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The authentication requirement may be satisfied by "[t]estimony that an item is what it is claimed to be," Fed. R. Evid. 901(b)(1), or "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4); *see also United States v. Simpson*, 152 F.3d 1241, 1249–50 (10th Cir. 1998) ("The specific examples of authentication…are merely

illustrative, however, and are not intended as an exclusive enumeration of allowable methods of authentication.").

Although there are unique challenges with evidence from social media sources, there is "no reason to depart from the ordinary rule that photographs, including social-media photographs, are authenticated by evidence sufficient to support a finding that the photograph is what the proponent claims it is." *See United States v. Thomas*, 701 F. App'x 414, 419 (6th Cir. 2017) (internal quotations and alterations omitted). Thus, to determine an exhibit's authenticity, the question is "whether there is a reasonable probability that the evidence has not been altered in any material aspect since the time of the crime and that it reasonably has a tendency to establish facts of consequence in the action as more probable than they would be without the evidence." *United States v. Isabella*, 918 F.3d 816, 843 (10th Cir. 2019) (quoting *United States v. Brewer*, 630 F.2d 795, 802 (10th Cir. 1980)). "Although Rule 901 serves an important gatekeeping function, the bar for authentication of evidence is not particularly high." *Id.* (internal quotations and alterations omitted) (quoting *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007)).

In the instant motion, Defendant argues that social media photographs are not self-authenticating, and the United States should be prohibited from using evidence from Facebook or other social media accounts purportedly belonging to Defendant "unless the Government can authenticate the evidence under Federal Rule of Evidence 901 by sufficient proof to show that the item is what it purports to be, namely a social media post made by Mr. Barela." *See* **Doc. 159, at 2**. Defendant further argues that "before any item from a Facebook post is admitted into evidence[,] the Government be required to prove by a preponderance of the evidence that Mr. Barela was the individual who was responsible for posting the item to the Facebook account." ***Id.***

The United States notes that there are two types of social media evidence at issue, specifically, photographs from two Facebook pages, and one instance of a social media "like." *See* **Doc. 167, at 2**. The Government asserts that the Facebook photographs are admissible pursuant to Rule 901 "regardless of whether a defendant admits ownership of the account or whether the party offering the evidence proves account ownership." *Id.* **at 3**. The Government further asserts that the Facebook "like" may be "admissible as a statement of a party opponent pursuant to Rule 801(d)(2), and potentially admissible under an alternate theory of demonstrating the 'speaker's' state of mind pursuant to Rule 803(3)." *Id.* **at 4–5**.

Here, first, Defendant is correct, photographs from social media sites like Facebook are unlikely to be self-authenticating exhibits under the Federal Rules of Evidence. *See, e.g.*, *United States v. Farrad*, 895 F.3d 859, 878–80 (6th Cir. 2018) (finding that photographs taken from Facebook are not self-authenticating business records under Rule 902, but their admission is proper under Rule 901(a)). Yet, with regard to the Facebook photographs in this case, the Court reserves ruling on their admissibility until a witness authenticates them. *See United States v. Wilson*, 853 F. App'x 297, 301–02 (10th Cir. 2021) ("The court did not admit the Facebook posts from 'BigTop Cox' into evidence until the manager of the ACME pawnshop verified that the firearms depicted in the user's photographs were the same ones stolen from the pawnshop."); *Thomas*, 701 F. App'x at 419–20 (finding that the district court did not abuse its discretion by admitting Facebook photos "after hearing testimony that the photographs to be admitted were indeed the photographs downloaded by the law-enforcement officers who found them [and] after considering the testimony of officers Holt and Rienerth, and being able to look at [defendant] Thomas and the photographs."). If the United States produces an authenticating witness, the Court will admit the photographs into evidence and for the additional reason that they are relevant to the issue of

identity in this case. Contrary to Defendant's arguments, however, the United States need not show that the photographs or the Facebook account from which they were retrieved were owned by Defendant.

Next, turning to the issue of the social media "like,"[1] the relevance of this "record" on Facebook "hinges on the fact of authorship." *See United States v. Browne*, 834 F.3d 403, 410 (3d Cir. 2016); *see also* Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later."). Thus, to authenticate the "like," the United States is "required to introduce enough evidence such that the jury could reasonably find, by a preponderance of the evidence, that [Defendant] authored the Facebook [like] at issue." *Id.*; *see also United States v. Brinson*, 772 F.3d 1314, 1320 (10th Cir. 2014) (finding that the district court appropriately admitted Facebook messages as statements of a party opponent where the prosecution had proven authorship by a preponderance of the evidence by linking the email address, phone number, nickname and pseudonym associated with the Facebook account to the defendant); *United States v. Lamm*, 5 F.4th 942, 948 (8th Cir. 2021) (holding that "the Government may authenticate social media evidence with circumstantial evidence linking the defendant to the social media account," such as evidence linking the defendant's phone number and email address to the account, and distinctive photographs appearing in the account that were also in defendant's physical possession).

---

[1] "Clicking Like below a post on Facebook is a way to let people know that you enjoy it without leaving a comment…For example, if you click Like below a friend's video: [1] People who can see the video will be able to see that you liked it. [2] The person who posted the video will get a notification that you liked it. When you like something, this lets us know to show you other content that we think you'd also like to see." *What Does It Mean to 'Like' Something on Facebook?*, Facebook Help Center, https://www.facebook.com/help/110920455663362 (last visited November 19, 2021).

After conducting the authentication analysis, the Court must determine whether the proffered "like" is inadmissible hearsay or if the "like" is offered for a proper, non-hearsay purpose. Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Hearsay testimony is generally inadmissible. Fed. R. Evid. 802. However, a statement is not hearsay if it is "offered against a party and is the party's own statement." *See Brinson*, 772 F.3d at 1320; Fed. R. Evid. 801(d)(2)(A).

The Government argues that the "'like' of a particular Facebook Sports Page" is a party statement, and "as a whole, is undoubtedly intended as an assertion that the individual favors the page," and thus is admissible under Rule 801(d)(2). *See* **Doc. 167, at 6**. Although "[o]n the most basic level, clicking on the 'like' button literally causes to be published the statement that the User 'likes' something, [and] is itself a substantive statement," *Bland v. Roberts*, 730 F.3d 368, 386 (4th Cir. 2013), context is critical here. In the context of Facebook "likes," although Defendant "authored" the "like," the "liked" page itself was not authored by Defendant. Therefore, there are a number of issues that the United States has yet to sufficiently address, including whether the "like" itself creates an independent statement, whether it manifests Defendant's adoption of the content, or as the United States alternatively suggests, whether the "like" is a statement of Defendant's "then-existing state of mind…or emotion, sensory, or physical condition," *see* **Doc. 167, at 6** (quoting Fed. R. Evid. 803(3)). Therefore, at this time, the Court will also reserve ruling on the admissibility of the Facebook "like" until after the United States offers additional context and supporting arguments.

Finally, after the admission of any social media evidence, Defendant is free "to challenge the reliability of the evidence, to minimize its importance, or to argue alternative interpretations of

its meaning, but these and similar other challenges go to the *weight* of the evidence—not to its *admissibility*." *See Isabella*, 918 F.3d at 844 (emphasis in original) (quoting *United States v. Vayner*, 769 F.3d 125, 131 (2d Cir. 2014)).  Nonetheless, these matters may be revisited by the Court as necessary during trial.

    **IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE