IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

        Plaintiff,

  vs.                                                                                                  1:20-cr-01228(2)-KWR

JESSE BARELA,

        Defendant.

## ORDER DENYING MOTION FOR TEMPORARY RELEASE AND REVOKING CONDITIONAL GRANT OF FURLOUGH

THIS MATTER is before the Court on Defendant's Emergency Motion for Furlough (**Doc. 205**). Defendant seeks temporary release from pretrial detention for 24 hours to say a "final farewell" to his dying father. *Id.* **at ¶ 6**. Defendant was tried and found guilty of one count of interference with commerce by threats and violence, 18 U.S.C. § 1951(a), including by aiding and abetting, 18 U.S.C. § 2, and is awaiting sentencing.

The Court may grant temporary release from detention for compelling reasons. 18 U.S.C. § 3142(i). The Court *shall* order a person who has been found guilty of an offense and who is awaiting imposition of a sentence detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." § 3143(a)(1). The decision whether to release a defendant temporarily under § 3142(i) is "intertwined with" the determination of whether any condition or combination of conditions will reasonably assure the appearance of a defendant as required and the safety of any other person and the community. *See United States v. Alderete*, 336 F.R.D. 240, 269 (D.N.M. 2020).

1

United States Magistrate Judge Jerry Ritter conditionally granted the temporary limited release of Defendant to the custody of the U.S. Marshal "if and only if the requested 'final farewell' visit can be accomplished with reasonable safety to the public and the assigned personnel." *See* **Doc. 206, at 5**. Assuming the Court has discretion to order temporary release under §§ 3142(i), 3143(a)(1), or 3145, this Court would deny temporary release and revokes the Order issued by Judge Ritter.

The Court has reviewed the record in this case including the original grounds for detention, the charges, and potential sentence faced by Defendant. The Court notes that Defendant was detained pending trial because of clear and convincing evidence that there was no condition or combination of conditions that could be imposed to reasonably assure the safety of the community. Defendant has now been convicted of robbery at a jury trial, eliminating any advantage of the presumption of innocence. Additionally, Defendant faces a potential sentence of up to twenty years under 18 U.S.C. § 1951(a) and has a significant criminal history. Considering the totality of the circumstances, the Court cannot conclude that Defendant is not likely to flee or pose a danger to the community, thus, the Court declines to grant Defendant temporary release.

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE